IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2016

## STATE OF TENNESSEE v. WILLIAM SETH BOWMAN

**Direct Appeal from the Criminal Court for Putnam County**
**No. 2015-CR-0083    David Alan Patterson, Judge**

---

**No. M2015-02086-CCA-R3-CD – July 14, 2016**

---

The appellant, William Seth Bowman, pled guilty in the Putnam County Criminal Court to aggravated assault and received a six-year sentence with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court ordered that the appellant serve his sentence in confinement. On appeal, the appellant contends that the trial court erred by not granting his request for alternative sentencing. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Benjamin D. Marsee, Cookville, Tennessee, for the appellant, William Seth Bowman.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Victor Hugo Gernt, III, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In July 2015, the appellant pled guilty to aggravated assault, a Class C felony. Pursuant to the plea agreement, he received a six-year sentence as a Range II, multiple offender, and the trial court was to determine the manner of service of the sentence after a sentencing hearing. In return for the plea, the State dismissed the following charges: unlawful possession of a weapon, failure to surrender a firearm, violating an order of

protection, driving on a suspended license, reckless driving, resisting arrest, unlawful alteration of a registration tag, and violating the financial responsibility law.

At the sentencing hearing, Deputy Patrick Short of the Putnam County Sheriff's Department testified that on November 17, 2014, he and other deputies went to the appellant's home to serve a capias for the appellant's arrest. The officers heard several people talking in the garage and knocked on the door, and the people in the garage let them in. Deputy Short went into the kitchen and told the occupants of the house why the officers were there, and the occupants claimed they did not know if the appellant was home. At that point, Deputy Short "heard a male subject enter an unknown room, hollering that he had a gun and he was going to shoot it out" with the officers if they did not leave his residence. Deputy Short ordered the male to come out of the room and show his hands. The appellant came out of a bedroom and "had a gun down to his side." The appellant again stated that he was "going to shoot it out" with the officers.

Deputy Short testified that he felt threatened, that he and the other deputies "had [the appellant] at gunpoint," and that he thought a shootout was going to occur. The appellant stepped back into the bedroom, so the officers "evacuated" the residence and set up a perimeter outside the home. The sheriff arrived, spoke with the appellant, and went into the house. The appellant then came out with the sheriff. The sheriff had the appellant's gun wrapped in a white t-shirt, and the gun was loaded. Deputy Short stated that in his opinion, the appellant should serve his sentence in confinement.

The appellant testified in his own behalf and apologized for his actions. He said that at the time of the incident, he and his wife had been having "problems," that he had been living in the home alone for about six months, and that he "started using [methamphetamine] again." He said that he had been "clean from methamphetamine" for ten years prior to his wife's leaving him and taking their children but that he was not in his "right mind" on November 17, 2014. He said he had no excuse for his actions.

Regarding the capias Deputy Short was trying to serve on November 17, 2014, the appellant testified that a police officer had stopped him for "wrong tags or something like that," that he and the officer got into an argument, and that the officer arrested him. The appellant missed a court appearance, so the capias was issued. The appellant stated that at the time of the sentencing hearing, he had been incarcerated for six months, was no longer using drugs, and was requesting split confinement with six months in jail. He acknowledged that he had two prior felony convictions but said that he had not been in trouble with the law for more than twenty years. He acknowledged that he was a Range II offender.

- 2 -

The State introduced the appellant's presence report into evidence. According to the report, the then thirty-nine-year-old appellant dropped out of high school, did not obtain his GED, and was divorced with two daughters. In the report, the appellant described his mental health as "good" but his physical health as "poor" due to a previous car accident that resulted in three surgeries, including a knee replacement. The appellant stated in the report that he had a "disability case" pending and that he used methamphetamine ten years ago but stopped taking the drug on his own because "it's the devil." The appellant said that he had never been in a treatment program for alcohol or drug abuse and that he was employed by Middle Tennessee Curb for five years but had to quit working due to problems with his legs. The report showed that the appellant had prior felony convictions of burglary and evading arrest in 1996. The report also showed misdemeanor convictions of criminal impersonation in 1997, assault in 2000 and 2001, and multiple traffic offenses. According to the report, the appellant violated probation in 1996 and 1997. It also showed that in 2014, he violated a conditional release agreement and was ordered to pay a fifty-dollar fine; serve ten days in jail, suspended; and perform forty hours of community service.

The trial court found that confinement was necessary to protect society by restraining a defendant who had a long history of criminal conduct but took into consideration that "it is an old history." The court then addressed the circumstances of the offense, noting that the appellant did not dispute Deputy Short's testimony. The court stated that Deputy Short "was placed in an extreme zone of danger by a person who was under the influence of methamphetamine" and found that confinement was necessary to avoid depreciating the seriousness of the offense and was particularly suited to provide an effective deterrence to others likely to commit similar offenses. The court noted that the appellant's probation had been revoked twice previously; therefore, measures less restrictive than confinement had been applied frequently and unsuccessfully. The court stated that it did not believe the appellant "will do anything other than violate the probation" and that split confinement was inappropriate. The court ordered that the appellant serve his six-year sentence in confinement.

## II. Analysis

The appellant contends that the trial court erred by not granting his request for alternative sentencing. Appellate review of the length, range, or manner of service of a sentence imposed by the trial court are to be reviewed under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the standard to alternative sentencing). In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and

arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn.Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's sentence meets this requirement. Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). As a Range II, multiple offender, the appellant is not considered a favorable candidate for alternative sentencing. Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

The appellant contends that the trial court erred by denying his request for alternative sentencing because the court placed "undue emphasis" on his two prior probation revocations. In denying the appellant's request for split confinement, the court stated that it was denying alternative sentencing based upon considerations (A), (B), and (C): that confinement was necessary to protect society by restraining the defendant who had a long history of criminal conduct, that confinement was necessary to avoid depreciating the seriousness of the offense, and that measures less restrictive than confinement had frequently been applied unsuccessfully to the defendant. As noted by the State, the appellant's presentence report reflects that the appellant not only violated probation in 1996 and 1997 but violated a conditional release agreement in 2014. Furthermore, the trial court's statement that the appellant would do nothing "other than violate the probation" demonstrates that the court considered the appellant to have a poor potential for rehabilitation. Accordingly, we conclude that the trial court did not abuse its discretion by ordering that the appellant serve his six-year sentence in confinement.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

                                         _____

                                         NORMA MCGEE OGLE, JUDGE